## John Heick, Appellant, v. M. R. Kelly et al., Appellees.

### Gen. No. 19,844.

1. MASTER AND SERVANT, § 564*—*when declaration need not be amended to prevent variance.* In an action by a watchman for personal injuries, where the declaration alleged that plaintiff was in the employ of defendants and that defendants negligently permitted a gate inclosing their premises to be in a dangerous condition so that it fell on him when he was about to close it in the discharge of his duty as watchman for defendants, *held* that the fact that the proof showed that plaintiff was employed by a private agency for the defendants did not render an amendment of the declaration necessary to prevent a material variance between the proof and the declaration.

2. MASTER AND SERVANT, § 532*—*when amendment or additional count to declaration does not state new cause of action.* In an action by a watchman to recover for personal injuries alleged to have been caused by a defective gate falling on him while he was in defendants' employ and engaged in his duties as watchman for defendants, *held* that a proposed amendment to the declaration, or an additional count thereto, eliminating the allegation of employment by the defendants did not state a new cause of action.

3. MASTER AND SERVANT, § 770*—*when defendants not entitled to peremptory instruction.* Defendants *held* not entitled to a peremptory instruction on the ground that the evidence offered for plaintiff proved defenses arising from the rules concerning assumption of risks, contributory negligence and fellow-servants, there being evidence tending to show that plaintiff was acting under express orders when injured.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 13, 1914.

MUNSON T. CASE, for appellant.

WINSTON, PAYNE, STRAWN & SHAW, for appellees; JOHN D. BLACK, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The appeal in this case is by John Heick, the plaintiff below. It is a personal injury case brought in the Circuit Court by him against two partners, M. R. Kelly and C. T. Roberts, whose firm name is E. L. Hedstrom & Company. For convenience we shall so denominate the defendants in this opinion if it becomes necessary to name them.

The accident which is the basis of the litigation occurred January 6, 1911. The cause came to trial May 26, 1913. At the close of the plaintiff's case, by a peremptory instruction, the jury was directed to find the defendants not guilty, and on the return of that verdict in accordance with the instruction the court, after denying a motion for a new trial and one for arrest of judgment, entered a judgment of. *nil capiat* and for costs against the plaintiff.

As questions on the pleadings and proposed amendments have been argued in this appeal, we shall first briefly abstract these pleadings, actual and proposed.

The original declaration filed December 26, 1911, was in one count. Its allegations were that E. L. Hedstrom & Company owned, controlled and operated a certain coal yard in Chicago and a certain gate of great weight, to wit, five hundred pounds, therein; that the gate was to shut the coal yard off from the public highway; that they negligently permitted the said gate to be insufficiently protected and dangerously obstructed by snow and ice, of which they had notice, and that "by means of the premises and for want of a proper and sufficient fastening and hanging of said gate, and for want of a sufficient and proper protection of said gate, and on account of the said obstruction of said passageway through said gate, of none of which said defects and obstructions the plaintiff then and there had notice, while the plaintiff who was then and there a watchman in the employ of said de-

fendants and whose duty it then and there was as such watchman to close said gate, then and there, to-wit, on the day and year aforesaid, in the performance of his duties as such watchman for the defendants, with due care and caution was closing said gate of the defendants, the said gate * * * became loose from its fastenings and hangings and then and there fell upon the plaintiff,'' to his great injury as detailed.

To this declaration the defendants February 13, 1913, filed the general issue, and on February 17, 1913, filed a special plea, in which they asserted that they did not employ the plaintiff as in the declaration alleged.

When the case was called for trial on May 26, 1913, and before the jury were impaneled, the plaintiff asked leave to file an additional count to the declaration varying from the original declaration materially only in omitting the allegations of the employment of plaintiff by defendants, and that he had no notice of the defects and obstructions of the passageway through the gate, and describing the plaintiff as ''a night watchman, whose duty it was to patrol the yards of said defendants and the buildings and offices therein, * * * to protect and care for the property of said defendants * * * and whose duty as such watchman required him to go into the offices and buildings, as well as to see to it that the premises were locked, fastened and secure, so that the same could not be entered during the period of time that the plaintiff was so, as aforesaid, watching and patroling said premises, and that during the performance of his said duties said plaintiff complied with the orders and directions given to him by said defendants, or the foreman and manager of said defendants.''

Leave to file this proposed additional count was denied and the plaintiff excepted. During the trial, after the testimony of the plaintiff himself had been heard, the defendants moved that all his (the plaintiff's) testimony concerning the accident be stricken

out "on account of variance between the testimony and the charges in the declaration." Thereupon the plaintiff moved for leave and was given leave to amend his declaration by substituting for the allegation in it, that when the accident happened he was "closing the said gate of the defendants," the assertion that he was "about to close the said gate, etc."

The defendants then took an order that the pleas theretofore filed to the original declaration should stand to the declaration as amended and that they should have leave to file an additional plea of the statute of limitations. They then filed such a plea, with averments that "the cause of action in the said amended declaration filed May 28, 1913, alleged, is not the same cause of action as in the original declaration herein alleged, but is another and different cause of action, which accrued to the plaintiff more than two years prior to the filing of said amended declaration."

To this plea the plaintiff demurred and the demurrer was sustained.

After further testimony for the plaintiff referring only to his physical condition before and after the injury, the defendants moved "that the evidence offered by and on behalf of the plaintiff be excluded from the jury on the ground that it is at variance from the charges of the declaration," specifying the variances to be that while the declaration alleged the plaintiff to have been in the employ of the defendants, the proof offered showed that the plaintiff was not in the employ of the defendants, but was in the employ of other persons, and that while the declaration alleged that at the time of the injury the plaintiff was closing the gate it became loose from its fastenings and hangings, etc., and fell upon the plaintiff, the proof offered showed that the plaintiff was not closing the gate at the time of the injury, but that the gate was blown or fell over by reason of the wind.

At the same time defendants presented another motion in writing, asking for a peremptory instruction to the jury to find the defendants not guilty.

After argument the court intimated what his ruling would be, whereupon the plaintiff moved for leave to amend his declaration by striking out of the same the words "in the employ of said defendants." The defendants objected and the court denied the leave, to which the plaintiff excepted.

The plaintiff then renewed his motion for leave to file as a count in his declaration the count which he had been refused leave to file on May 26th before the impaneling of the jury, the material parts of which have been hereinbefore described or recited. His motion as renewed was for leave to file the said count either as an additional count to his declaration or as his amended declaration, and his counsel "stated that he was willing that defendants should have the benefit of the same defenses of assumption of risk and the negligence of a fellow-servant to the case stated in the additional count as they would to the case stated in the original declaration."

The defendants by their counsel objected to the filing of said count or amendment and "stated that they did not believe said defenses could be so made available." The court thereupon refused permission to file said count and the plaintiff excepted. The plaintiff then moved for leave to amend his declaration by striking out the words, "of none of which said defects and obstructions the plaintiff then and there had notice." On the defendants' objection, leave to make this amendment was also denied, to which the plaintiff excepted.

The court, without expressly passing on the motion to exclude the evidence from the jury on the ground of a variance, allowed the motion for a peremptory instruction and gave said instruction, to which also the plaintiff excepted. After the rendition of the ver-

dict the plaintiff moved for a new trial and in arrest of judgment and excepted to their denials. Judgment for the defendants was then entered.

In this court the plaintiff, among more formal assignments of error, asserts that the court below erred in refusing to permit the jury to pass upon questions of fact involved, including that of the negligence of the defendants and that of the contributory negligence of the plaintiff, and erred in refusing to permit the plaintiff to amend his declaration to conform to the proof in the case.

We think these assignments of error are well made.

There may well be said to be close and doubtful questions in this cause on the merits, and as our view of the matter is likely to bring about its submission to a jury again, we do not purpose herein to discuss the evidence further than is necessary to explain our conclusion that the plaintiff did not have the trial of them to which he is entitled.

The gist of the plaintiff's declaration after the one amendment, which was (properly, as we think) allowed, was that the defendants negligently permitted the gate to their coal yard to be in a dangerous condition, and that in consequence, while the plaintiff was with due care about to close it in the discharge of a duty as watchman for the defendants, the gate fell on him and injured him.

The allegation that it was his duty as a watchman for the defendants to close the gate was necessary only to show that he was not a trespasser in being "about to close it," but was where he had the right to be. It was entirely immaterial whether his wages were paid by a private agency, which furnished a watchman for the defendants, or by the defendants themselves. In our opinion the evidence presented tended to show that the further allegation of the declaration that the plaintiff was "in the employ" of the defendant was true in the legal sense, but as in any case we think

it was surplusage and immaterial so far as stating a cause of action was concerned, it is not necessary to discuss it nor to cite and insist on cases which justify the statement of the Supreme Court of the United States in *Standard Oil Co. v. Anderson,* 212 U. S. 215, that when 'one person furnishes another with men to do work "and places them under his exclusive control in the performance of it, those men become *pro hac vice* the servants of him to whom they are furnished."

If our view is correct, then it follows that no amendment was necessary to prevent any material variance between the proof and the declaration, and it also follows that if the plaintiff preferred to do so, after the proof was in, he should have been allowed to amend his declaration by eliminating the allegation of "employment" by the defendants or to file the additional count he desired. No new or different cause of action would have been presented by this.

It is argued also, however, that even if the view we have above indicated is correct, the peremptory instruction should nevertheless have been given, as the evidence offered for the plaintiff itself proved defenses arising from the rules concerning assumption of risk, contributory negligence and fellow-servants, which forbade recovery.

We think the questions springing from these doctrines were all, under the evidence produced, questions for the jury. The evidence tended to show that the plaintiff was acting under express orders when he was injured. But we forbear, for reasons before suggested, to elaborate upon matters which we think should properly be thoroughly investigated in the trial court. It is sufficient to say we do not think the plaintiff was afforded a fair opportunity for the enforcement of such rights as he may have in this matter, if he has any, and the judgment is consequently reversed and the cause remanded.

*Reversed and remanded.*